

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-90,752-01

**EX PARTE JOHNNY E. ALEXANDER, Applicant**

## ON APPLICATION FOR A WRIT OF HABEAS CORPUS
## CAUSE NO. CR11-295A IN THE 235TH DISTRICT COURT
## FROM COOKE COUNTY

*Per curiam*.

## O R D E R

Applicant was convicted of intentional or knowing injury to a child causing serious bodily injury and sentenced to life imprisonment. The Eighth Court of Appeals affirmed his conviction. *Alexander v. State,* 08-14-00135-CR (Tex. App.–El Paso Jan. 30, 2017). Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends that was denied his right to file a PDR because appellate counsel failed to timely notify him that his appeal had been affirmed. The current record suggests that Applicant made reasonable efforts to inquire about the status of his pending appeal but that appellate counsel never responded to his inquiries. The district clerk properly forwarded this application to this Court

under Texas Rule of Appellate Procedure 73.4(b)(5). Under the circumstances, however, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact.

We remand this application to the trial court to conduct an evidentiary investigation and make findings of fact and conclusions of law. The trial court shall provide appellate counsel with an opportunity to respond to Applicant's allegations. If appropriate, the trial court shall order a copy of the prison mail log of Applicant's legal mail during the relevant time period(s) to establish whether and when Applicant sent and received mail from his appellate attorney and the appellate court. The trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04.

This application will be held in abeyance until the trial court has resolved the fact issues. The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* Tex. R. App. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.

Filed: February 12, 2020
Do not publish